Case 4:21-cv-02932 Document 8 Filed on 11/01/21 in TXSD Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Francisco Salazar, § § | |
| Petitioner, § § | |
| v. § § | Civil Action H-21-2932 |
| Bobby Lumpkin, § Director, Texas Department of § Criminal Justice, Correctional § Institutions Division, § Respondent. § | |

## Report and Recommendation

Francisco Salazar, an inmate confined in the Texas Department of Criminal Justice, filed what the court construed to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court warned Salazar, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), that he must raise all the federal habeas claims he seeks to pursue, or risk being barred from doing so in the future. The court ordered Salazar to file an amended petition on the proper form that included every claim that he wished to bring. The court also ordered Salazar to state whether he had exhausted his claims and whether the applicable one-year statute of limitations barred his claims. (D.E. 6.)

Salazar did not comply with the court's order and his time to do so has expired. A district court has inherent authority to dismiss a case for a litigant's failure to prosecute the action or for his failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see, e.g., Mutuba v. Halliburton Co.*, 949 F. Supp. 2d 677, 687 (S.D. Tex. 2013). Salazar's failure to comply as directed demonstrates that he has failed to exercise diligence in prosecuting his case. Therefore, dismissal without prejudice for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may sua sponte dismiss an action

for failure to prosecute or to comply with any court order).

Accordingly, the court recommends that Salazar's federal habeas corpus petition be dismissed without prejudice. Salazar may seek to reinstate this case by: (1) filing an appropriate motion under Rule 60(b) of the Federal Rules of Civil Procedure; and (2) fully complying with the court's September 15, 2021 order directing him, in part, to file every claim he wants to bring on an approved federal habeas petition form.

The court further recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November \_\_\_1\_\_\_, 2021.

_____
Peter Bray
United States Magistrate Judge